U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 31 2014
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FLEXIBLE INNOVATIONS LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-321-A |
| | § | |
| IDEAMAX, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision are the requests for relief sought by defendants, IdeaMax, Eugene Lee, and Aekyung Lee, in the document they filed June 2, 2014, titled "Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim; Lack of Subject Matter Jurisdiction & Personal Jurisdiction; Transfer Venue; and Motion for More Definite Statement."

After having considered the relief sought by defendants in such document, the response thereto of plaintiff, Flexible Innovations Ltd., defendants' reply, plaintiff's complaint, pertinent parts of the records of prior litigation between the parties (of which the undersigned, as the presiding judge, takes judicial notice), and pertinent legal authorities, the court has concluded that the request for contempt of court relief alleged

in Count 5 of plaintiff's complaint should be severed into a separate action and that all remaining claims and causes of action asserted by plaintiff in its complaint should be dismissed because of the failure of plaintiff to bear its burden of establishing that this court has <u>in personam</u> jurisdiction over defendants as to such claims and causes of action.

I.

<u>Nature of Litigation</u>

Plaintiff alleged that subject matter jurisdiction exists by reason of diversity of citizenship and the amount in controversy, and that by reason of alleged violations of 15 U.S.C. §§ 1114, 1117, and 1125(a) and 35 U.S.C. § 292(b), the court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b). Compl. at 2, ¶ 3.

Having pleaded that defendant IdeaMax is a California general partnership, owned and operated by defendants Eugene Lee and Aekyung Lee, both residents of Orange County, California, and that IdeaMax's principal place of business is in Irvine, California, <u>id.</u> at 1-2, ¶ 2, plaintiff sought to establish <u>in personam</u> jurisdiction by the allegations that:

> This court has personal jurisdiction over the Defendants because they have been parties to litigation in this District and Division, without raising any objection to either venue or personal jurisdiction; entered into a Contract executed in part in this District and Division, taken illegal actions and sold

2

goods in this District, and these causes of action
arise out of such actions.

Id. at 2, ¶ 5.

The complaint contains five counts. Count 1 alleged federal trademark infringement, apparently based on the alleged use by defendants of two of plaintiff's trademarked terms as key words, or "meta tags," on a database used by defendants in the marketing of their products, which are competitive with the products distributed by plaintiff. Count 2 alleged Lanham Act, 15 U.S.C. § 1125(a), violations based on that same conduct. Count 3 alleged common law unfair competition, again based on that same conduct. Count 4 alleged false patent marking based on a contention that defendants' falsely marked goods and/or advertising for goods as being patented when the scope of the patent to which defendants made reference did not cover the goods so marked or advertised. Count 5 is the contempt of court count alleging that by use of one of the key words, or meta tags, in question defendants have violated an injunction issued in prior litigation between the parties bearing Case No. 4:12-CV-856-A.

II.

### The Contempt Count is Being Severed Into a Separate Action

Count 5 maintains that the use by defendants of "DigiClean" as a keyword, or meta tag, in association with screen wipes is in

violation of an injunction issued by this court, acting through the undersigned, in Case No. 4:12-CV-856-A on March 7, 2013. An argument could be made that the claim made in Count 5 should have been asserted by motion in Case No. 4:12-CV-856-A. Plaintiff cites a 1936 decision of the Ninth Circuit[1] in support of the proposition that the courts do not always require a contempt of court claim to proceed in the same case in which the judgment or order allegedly violated was issued. Resp. at 9. The court has concluded that it is not required at this time to resolve that issue, and that, considering the court's decision to dismiss all other claims and causes of action asserted in the complaint, the appropriate action to take at this time as to Count 5 is to sever it out into a separate civil action to proceed on the docket of this court. If the decision later is made that the contempt of court request should have been made in Case No. 4:12-CV-856-A, that matter can be dealt with at that time.

III.

### All Other Claims and Causes of Action are Being Dismissed for Lack of *In Personam* Jurisdiction

When, as here, nonresident defendants move to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that <u>in personam</u> jurisdiction exists. <u>Wilson v.</u>

---

[1] Sain v. Montana Power Co., 84 F.2d 126, 128 (9th Cir. 1936).

4

Belin, 20 F.3d 644, 648 (5th Cir. 1994); Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985). Proper allegations of the complaint are taken as true, Wyatt v. Kaplan, 686 F.2d 276, 282-83 n.13 (5th Cir. 1982)(citing Black v. Acme Mkts., Inc., 564 F.2d 681, 683 n.3 (5th Cir. 1977)). However, the court does not accept as true conclusional allegations. See Panda Brandywine Corp. v. Potomac Elec. Power Co., 253 F.3d 865, 868 (5th Cir. 2001). And, needless to say, the court does not give the plaintiff the benefit of allegations that, as a matter of law, would not support in personam jurisdiction.

Here, plaintiff's in personam jurisdiction allegations are a combination of allegations of circumstances that as a matter of law would not support in personam jurisdiction and conclusional allegations that the court does not accept as true.

The facts that defendants previously have been named defendants in litigation brought in this district and division without raising any objection to personal jurisdiction, and entered into a contract related to the settlement of that litigation, do not establish in personam jurisdiction of this court over defendants as to claims made in this new litigation. A number of factors unrelated to the in personam jurisdiction issue could have led defendants to do what they did in the prior litigation. Nothing has been called to the court's attention to

cause the court to conclude that any of the conduct of defendants in the prior litigation was indicative of facts that would cause the persons of defendants to be subject to this court's jurisdiction.

The "taken illegal actions and sold goods in this District" feature of plaintiff's personal jurisdiction allegations, <u>supra</u> at 2-3, are mere conclusional allegations that are not to be taken as true in evaluating whether plaintiff has carried its burden of establishing that <u>in personam</u> jurisdiction exists. Those allegations fail to pass the pleading tests specified by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 669 (2009) and <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

Plaintiff takes a different tack in its response to defendants' motion to dismiss, claiming in the response that defendants waived any personal jurisdiction objections. Resp. at 8-9. According to plaintiff, the alleged waiver exists by reason of a provision in a settlement agreement reached in the prior litigation between the parties stating that "venue for any proceeding to enforce or otherwise respecting or regarding this Agreement shall be exclusively in the State or Federal courts sitting in Fort Worth, Texas." <u>Id.</u> What plaintiff fails to note is that the only claim it has asserted in this action that might be viewed to be within the scope of the "any proceeding to

6

enforce or otherwise respecting or regarding this Agreement" language would be the contempt of court count alleged in Count 5 (which is being severed into a separate action to remain on the docket of this court). Plaintiff has not called the court's attention to anything to cause the court to conclude that any of the other claims or causes of action asserted by plaintiff here would come within the scope of the venue provision contained in the settlement agreement.

As a lead-in to the waiver argument plaintiff made in its response, plaintiff suggested that if it had not been asserting waiver, it "could demonstrate that personal jurisdiction and venue are proper in this Court due to, for example, the interactive website, as to which Defendants may have made incidental sales, or offers for sale, via their websites to residents of Texas." Resp. at 8 (internal quotation marks omitted). However, plaintiff has made no allegation or offered any proof that defendants' internet activities were of a nature that would provide basis for the exercise of personal jurisdiction. Mink v. AAAA Dev. LLC, 190 F.3d 333, 337 (5th Cir. 1999).

In a footnote in its response, plaintiff pointed out that defendants provided no affidavits, declarations, or other evidence in support of their claim that their persons are not

7

subject to the jurisdiction of this court. Resp. at 8 n.3. That assertion evidences a lack of appreciation by plaintiff of the burden it had to establish in personam jurisdiction. If plaintiff had made sufficient allegations of personal jurisdiction in its complaint, contradiction, vel non, of those allegations by evidence offered by defendants could become pertinent. However, as noted above, plaintiff's in personam jurisdiction allegations are insufficient, i.e., either legally unsound or purely conclusory.

Summed up, plaintiff simply has not carried its burden of establishing that in personam jurisdiction exists as to defendants in relation to any of plaintiff's claims or causes of action other than the contempt of court count that is being severed.

IV.

Order

Consistent with the foregoing,

The court ORDERS that the claims and causes of action asserted by plaintiff in Count 5 of plaintiff's complaint, as alleged in paragraph 38 on page 9 of such complaint, be, and are hereby, severed into a separate action to be carried on the docket of this court as Case No. 4:14-CV-884-A, bearing the style "Flexible Innovations Ltd., Plaintiff, v. IdeaMax, Eugene Lee,

and Aekyung Lee, Defendants," and that the clerk of court include in the papers of such severed action a copy of the complaint, with accompanying exhibits, filed by plaintiff on May 8, 2014, along with a copy of this order.

The court further ORDERS that by November 10, 2014, plaintiff file an amended complaint in Case No. 4:14-CV-884-A limiting its claims and causes of action to the claims and causes of action alleged in Count 5 of the complaint in the instant action, and that defendants file and serve an answer to such Count 5 allegations in Case No. 4:14-CV-884-A by November 21, 2014.

The court further ORDERS that all claims and causes of action asserted by plaintiff against defendants in its complaint in the instant action other than the Count 5 contempt claims and causes of action be, and are hereby, dismissed because of plaintiff's failure to carry its burden of establishing in personam jurisdiction over defendants as to such dismissed claims and causes of action.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

SIGNED October 31, 2014.

JOHN McBRYDE
United States District Judge

9